UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| DWIGHT HAWTHORNE AND ANDREA HAWTHORNE, | )<br>)<br>) |
| Plaintiff, | )<br>) No.: |
| vs. | )<br>) |
| YANFENG US AUTOMOTIVE INTERIOR SYSTEMS I LLC, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff's filed this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Defendant is a Delaware limited liability company that does business in Chattanooga, Tennessee. Its registered agent for service of process in Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee, 37919.

3. Defendant is a producer and supplier of automotive interior parts, and it has production facility located in Chattanooga, Tennessee. Defendant ships its products across state lines.

4. Plaintiff Dwight Hawthorne was employed as an operator by Defendant at its Chattanooga facility from April of 2017 through June of 2020. Plaintiff Andrea Hawthorne was employed as an operator by Defendant at its Chattanooga facility from August of 2017 through February of 2019.

6. During the entire time that Plaintiffs were employed by Defendant, Plaintiffs were paid an agreed-upon hourly rate for their work. Plaintiffs clocked in and out on a time recording device.

7. In addition to the work hours for which Plaintiffs were compensated, however, Plaintiffs routinely performed uncompensated work for which they received no compensation.

8. More specifically, Defendant engaged in a practice of "rounding" the Plaintiffs' clock times in a manner which always favored Defendant by deleting portions of Plaintiffs' work time.

9. As a result, each Plaintiff routinely worked uncompensated regular and overtime hours.

### Count 1—Violations of Fair Labor Standards Act

10. Pursuant to Fed. R. Civ. P. 10(c), The Plaintiffs adopt by reference the allegations set forth in paragraphs 1-9 above.

11. Defendant was an "employer" of each Plaintiff as defined by Section 203(d) of the FLSA.

12. Each Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

13. At all times material, Plaintiffs were engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

14. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceeded $500,000.00.

15. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

16. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay each Plaintiff's overtime pay at a rate of one and one-half times their regular rates of pay for all hours worked over 40 during a workweek.

17. Defendant's failure to pay Plaintiffs' overtime wages of one and one-half times their regular rates of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

18. Pursuant to Section 216(b) of the FLSA, Defendant is liable to the Plaintiffs for overtime back pay.

19. In addition to the amount of unpaid overtime wages owing to the Plaintiffs, each Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs are entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. § 216(b), as a result of Defendant's overtime violations.

21. Defendant's violation of Section 207 of the FLSA was willful. Specifically, Defendant was well aware of its obligation to pay Plaintiffs overtime wages pursuant to the FLSA, and it knew, or should have known, that its rounding practice violated the FLSA.

### Count 2—Breach of Contract Under Tennessee State Law

22. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-20 above.

23. Defendant's agreement to pay Plaintiffs a regular hourly rate for their work is an enforceable contract under Tennessee law.

24. By failing to compensate Plaintiffs for all hours worked at their agreed-upon hourly rates, Defendant breached its contract with each Plaintiff.

25. As a result of Defendant's breach of contract, Plaintiffs sustained and are entitled

to recover damages amounting to the compensation they failed to receive for their work at their agreed-upon hourly rate for regular, non-overtime hours up to 40 per workweek.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to their overtime back pay;

(c) unpaid wages as damages resulting from Defendant's breach of contract;

(d) interest;

(e) reasonable attorney's fees and costs; and

(f) all other general legal and equitable relief to which they may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, GA Bar #486002
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com